# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | U.S.C.A. No. 16-50417 |
| | ) | U.S.D.C. No. 14CR338-SJO |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | APPELLANT'S OPPOSITION |
| v. | ) | TO GOVERNMENT'S MOTION |
| | ) | TO DISMISS APPEAL |
| JERMAINE HOUSTON, | ) | |
| | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Jermaine Houston, the defendant-appellant in this case, by and through his counsel, Gary P. Burcham, and pursuant to Fed. R. App. Pro. 27, hereby files this opposition to the government's motion to dismiss this appeal.

Respectfully submitted,

Dated: May 9, 2018

/s/ Gary P. Burcham
GARY P. BURCHAM
402 West Broadway, Suite 1130
San Diego, California 92101
Telephone: (619) 699-5930

Attorney for Defendant-Appellant

## **BACKGROUND**

In January 2018, Mr. Houston filed his opening brief wherein he asked this Court to vacate the instant sentence and remand the case to the district court for a full re-sentencing on the basis that the district court committed procedural error in imposing sentence. More specifically, Mr. Houston argued that the district court committed procedural error when it: (1) counted his 1999 conviction towards his criminal history despite it being included as part of the instant drug conspiracy charge; and (2) applied a two-level enhancement for directing the use of violence when the record failed to demonstrate the required link between his statements and acts that resulted from his statements.

Also in his opening brief, Mr. Houston addressed the waiver of appeal issue, arguing that the appellate waiver provision in the plea agreement did not bar this direct appeal because, following imposition of sentence, the district court told Appellant that "[y]ou have a right to appeal your sentence if you believe your sentence is contrary to the plea agreement or contrary to law." [ER 31]. Following this statement, the government never asserted that Appellant had waived his right to appeal pursuant to the plea agreement, and therefore Appellant "could have no reason but to believe that the court's advice on the right to appeal was correct." United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir. 1995). "Given the district court's

clear statements at sentencing . . . and the prosecution's failure to object . . . the district court's oral pronouncement controls and the plea agreement waiver is not enforceable." Id.

Prior to filing its answering brief, the government moved to dismiss the appeal on the ground that Mr. Houston waived his right to appeal. For the reasons set forth in his opening brief and in this opposition, Mr. Houston moves this Court to deny the government's motion to dismiss and to order it to file an answering brief on the merits.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The government claims that Mr. Houston has waived the instant appeal because the sentence the district court imposed triggered the plea agreement's appellate waiver provision, and the district court's statements at sentencing did not invalidate the written waiver. The government claims this is the case because the district court's statements at sentencing invoked the plea agreement, and the Rule 11 colloquy clearly stated the terms of the appellate waiver. [MTD 1-2].[1]

The government begins its motion by correctly reciting the terms of Mr. Houston's written plea agreement, what occurred in connection with Mr. Houston's guilty plea, and then what occurred with regard to the district court's computation of the sentence. [MTD 3-7]. It then noted what the district court stated after imposing sentence:

> Mr. Houston, I need to advise you of your right to appeal. You have a right to appeal your sentence if you believe your sentence is contrary to the plea agreement or contrary to law. With few exceptions, any notice of appeal must be filed within 14 days from today's date.

[ER 31].

The government asserts that the entirety of the record requires that this Court dismiss the instant appeal because, given the sentence imposed, the district court's advice regarding his right to appeal was not any sort of misadvisement. The

---

[1] "MTD" denotes the government's motion to dismiss.

government asserts that when the district court told Mr. Houston that he had the right to appeal his sentence if it was "contrary to the plea agreement or contrary to law," he was simply advising him of his rights pursuant to the plea agreement, and that he had the right to appeal a sentence that "violates the law." [MTD 11]. As to this latter statement, the government claims that because Mr. Houston only challenges his guideline calculations on appeal, this is not a claim that the sentence was contrary to law. [MTD 12].

Starting with the government's assertion that Mr. Houston's claims on appeal are not claims that his sentence "violates the law," this is not at all the case. In each of his claims, Mr. Houston alleged that the district court committed procedural error by calculating his guidelines incorrectly. These claims absolutely raise arguments that the sentence the district court imposed was in violation of law; in other words, the district court violated federal sentencing law by assigning too many criminal history points to Mr. Houston, and by incorrectly imposing a Chapter Two enhancement. So when the district court said to Mr. Houston that you have a "right to appeal your sentence if you believe your sentence is . . . contrary to law," the district court's remarks covered exactly the sorts of claims that Mr. Houston is now raising on appeal.

The government next argues that even if the district court's statements at

sentencing were in tension with the written waiver, any contradiction was "at best ambiguous and did not override the parties' explicit agreement." [MTD 12]. Citing Buchanan, 59 F.3d at 916-17, the government claims that the ambiguity of the district court's advice did allow those comments to trump the waiver language which was contained in the plea agreement. [MTD 12-14].

This fall-back argument should be rejected because the district court's statement to Mr. Houston was clear and unambiguous. Not only does the plain language from the district court demonstrate that, but the cases where this Court has found statements regarding the right to appeal to have been ambiguous demonstrate that the instant statement was unambiguous. In United States v. Arias-Espinoza, 704 F.3d 616, 619 (9th Cir. 2012), the district court told the defendant that he "may have a right to appeal." That panel found that statement to be ambiguous, as the word "may" introduced uncertainty into the statement. Id. Here, the district court never used the word "may," instead saying "you have." In United States v. Aguilar-Muniz, 156 F.3d 974, 977 (9th Cir, 1988), the district court told the defendant that "if you believe the waiver is unenforceable, you can present your theory to the appellate court." While that panel found that this statement did not nullify the appellate waiver, id, what happened here is not comparable. The district court did use the word "if" in its statement here, but it did so in the context of whether Mr. Houston believed the

6

sentence was contrary to law, not whether he believed whether the waiver itself was enforceable.

The fact that the district court only informed Mr. Houston of his appellate rights on one occasion, as opposed to the two in <u>Buchanan</u>, should not change this outcome. What governs this inquiry is "the court's statement and the defendant's reasonable expectations about his rights." <u>Arias-Espinoza</u>, 704 F.3d at 618. The record demonstrates that the district court's statement of his right to appeal was clear, and the clarity of that statement requires the conclusion that Mr. Houston fairly understood what was being told to him – that is, that he had "a right to appeal [his] sentence if [he] believe[d the] sentence is contrary to the plea agreement or contrary to law." [ER 31]. While the government focuses on what was told to Mr. Houston several months earlier when he signed his plea agreement and entered his plea, this discussion ignores the complexity of the sentencing guidelines, including what an average defendant may understands about things like total offense levels, criminal history categories, and guideline ranges. What the district court told Mr. Houston at the sentencing hearing about his right to appeal was clear and unambiguous, and this is what controlled his reasonable expectation about his appellate rights. <u>See</u> <u>Buchanan</u>, 59 F.3d at 918 ("Litigants need to be able to trust the oral pronouncements of district court judges.").

Finally, the government argues that the arguments Mr. Houston has raised on appeal are encompassed by the appellate waiver because they are arguments that go to the "procedures and calculations used to determine and impose any portion of the sentence" and the term of imprisonment imposed by the court." [MTD 18]. This is simply a repeat of the government's earlier argument that Mr. Houston's claims are not covered by the right to appeal statement made by the district court at sentencing. The district court told Mr. Houston that he could appeal if he thought that the district court had given him a sentence that was "contrary to law," and this is exactly what he is doing. The government elected not to address this issue when the district court made this statement, <u>see</u> <u>Buchanan</u>, 59 F.3d at 918 (noting "the prosecution's failure to object," as factor in holding that plea agreement waiver was unenforceable), and this Court must decide this appeal on its merits.

## CONCLUSION

This Court should deny the government's motion to dismiss this appeal.


DATED:     May 9, 2018          /s/ Gary P. Burcham
                                GARY P. BURCHAM
                                402 West Broadway, Suite 1130
                                San Diego, California  92101
                                Telephone:  (619) 699-5930

                                Attorney for Defendant-Appellant

## <u>CERTIFICATE OF SERVICE</u>

**Case Name:**    <u>**United States v. Jermaine Houston**</u>

**Case No.**    **16-50417**

       I hereby certify that on May 9, 2018, I electronically filed the foregoing with the Clerk of the Ninth Circuit Court of Appeals by using its CM/ECF System.

       I certify that all participants in the case are registered CM/ECH users and that service will be accomplished by the CM/ECF system.

/s/ Gary P. Burcham